**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

ANGEL SMITH,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

Case No. 4:26-cv-11501-FKB-DRG

Hon. F. Kay Behm
Mag. Judge David R. Grand

---

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e)**

---

For the reasons set forth in the attached Brief in Support, Defendant Experian Information Solutions, Inc. ("Experian") respectfully requests that this Court grant Experian's Motion for a More Definite Statement because Plaintiff Angel Smith's ("Plaintiff") Complaint, ECF No. 1-1, is so illegible that Experian cannot reasonably decipher Plaintiff's allegations, identify the claims asserted against it, or prepare a responsive pleading.

Experian respectfully requests that this Court enter an order requiring Plaintiff, within twenty-one (21) days, to file an amended complaint that:

(1) Is typed or otherwise legibly written;

(2) Identifies the specific FCRA provisions allegedly violated;

(3) Identifies the accounts or tradelines at issue;

(4) States the dates of any disputes sent to Experian;

(5) States the factual basis for the claim of damages; and

(6) Otherwise complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Experian further requests that the Court stay Experian's time to respond to the Complaint until fourteen (14) days after Plaintiff files a legible amended complaint, and grant such other and further relief as this Court deems just and proper.

# BRIEF IN SUPPORT

## I. INTRODUCTION

Plaintiff's Complaint, filed on a standard Michigan State Court Administrative Office ("SCAO") form, is entirely handwritten and is so illegible that Experian cannot reasonably decipher Plaintiff's allegations, identify the claims asserted against it, or prepare a responsive pleading. This is not a case where the legal theories are merely vague or conclusory—rather, the Complaint is physically unreadable. Experian therefore requests that the Court order Plaintiff to file a legible amended complaint that complies with the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

## II. FACTUAL BACKGROUND

Plaintiff filed a handwritten complaint, ECF No. 1-1, on a standard SCAO form in the 36th District Court in Detroit, Michigan. On May 5, 2026, Experian removed the action to this Court.

The Complaint's handwriting is largely illegible. Despite diligent efforts—including attempts at optical character recognition ("OCR") technology—Experian has been unable to reliably decipher the substance of Plaintiff's allegations. As a result, Experian cannot identify: (1) the specific allegations against it; (2) the accounts or tradelines that may be at issue; (3) the dates of any disputes allegedly sent to Experian; (4) the particular provisions of the Fair Credit Reporting Act

("FCRA") that Plaintiff claims were violated; or (5) whether other consumer reporting agencies or furnishers are named as co-defendants. The Complaint appears to claim $10,000 in damages, but the factual basis for that figure—like the rest of the Complaint—is essentially indecipherable.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion "must point out the defects complained of and the details desired." *Id.*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has held that this standard requires sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must provide "fair notice" to the defendant of "what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Sixth Circuit has emphasized that factual allegations must be "sufficient to give notice to the defendant as to what claims are alleged." *Fritz v. Charter Twp.*

*of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "[T]he factual allegations in the complaint must put a defendant on notice of the claims the plaintiff is likely to bring." *Doe v. Univ. of Kentucky*, 111 F. 4th 705, 715 (6th Cir. 2024). *See also Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*, 499 F.3d 663, 667 (7th Cir. 2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.").

Rule 12(e) applies when a pleading "fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002). It is appropriate when "the complaint is so unintelligible that the defendant is unable, in good faith, to answer the allegations in the complaint." *Dunbar v. Caruso*, No. 1:11-CV-10123, 2011 WL 3474004, at *3 (E.D. Mich. July 12, 2011). When a complaint is illegible, that "provides a basis for order a more definite statement under Rule 12(e)." *Jackson v. Kern*, No. 2:19-cv-10114, 2019 WL 2078890, at *5 (E.D. Mich. April 15, 2019) (collecting cases).

## IV. ARGUMENT

### A. The Complaint Fails to Provide Fair Notice as Required by Rule 8(a)(2)

Rule 8(a)(2) requires a "short and plain statement of the claim." The word "plain" necessarily implies legibility and readability—a complaint that cannot be

read cannot, by definition, provide fair notice of anything. Here, the Complaint is not merely deficient in legal particularity; it is physically unreadable.

Experian has made good-faith efforts to decipher the Complaint, including utilizing OCR technology designed to interpret handwritten text. These efforts have failed. The handwriting produces garbled output that does not constitute coherent allegations. As a result, Experian cannot determine:

(1) What specific provisions of the FCRA are allegedly at issue;

(2) What accounts or tradelines are disputed;

(3) What dates Plaintiff claims to have submitted disputes to Experian;

(4) What alleged inaccuracies exist in Plaintiff's credit report; and

(5) Whether other entities are named as co-defendants.

A defendant confronted with such a complaint is placed in an impossible position. Without the ability to discern what is being alleged, Experian cannot fulfill its obligation to respond meaningfully to Plaintiff's claims.

**B. Experian Cannot Reasonably Prepare a Response**

Rule 12(e) exists precisely for situations like this. Experian cannot admit, deny, or plead insufficient knowledge as to each allegation because it cannot determine what the allegations are. Any attempt to respond would require Experian to speculate as to the content of the Complaint—an exercise that would be both futile and potentially prejudicial.

Moreover, Experian cannot identify which affirmative defenses may apply without knowing what claims are being asserted. The FCRA contains multiple distinct provisions imposing different obligations and providing different remedies, including §§ 1681e(b), 1681i, and 1681g, among others. Each provision carries distinct elements and defenses. Without knowing which provisions are at issue, Experian is deprived of the ability to present a meaningful defense.

**C. A More Definite Statement Will Promote Judicial Economy**

Requiring Plaintiff to file a typed, legible amended complaint will allow this case to proceed in an orderly fashion and conserve the resources of both the parties and the Court. Without a legible complaint, any responsive pleading would be speculative, discovery would lack direction, and the parties would inevitably return to the Court for clarification of issues that should have been apparent from the face of the complaint.

The Court's leeway toward pro se litigants is well recognized, and Experian acknowledges that pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). But even pro se plaintiffs must comply with basic procedural requirements, including the fundamental requirement that a complaint be legible and comprehensible. *See, e.g., Dunbar*, 2011 WL 3474004, at *10 (requiring pro se plaintiff to file amended complaint under Rule 12(e)). The liberal construction

afforded pro se litigants "does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir. 2001).

This motion is not punitive; it is a necessary procedural step to ensure that both parties and the Court can address the merits of Plaintiff's claims—whatever they may be—in a fair and orderly manner.

## V. CONCLUSION

For the foregoing reasons, Experian respectfully requests that the Court grant this Motion and enter an order requiring Plaintiff, within twenty-one (21) days, to file an amended complaint that:

(1) Is typed or otherwise legibly written;

(2) Identifies the specific FCRA provisions allegedly violated;

(3) Identifies the accounts or tradelines at issue;

(4) States the dates of any disputes sent to Experian;

(5) States the factual basis for the claim of damages; and

(6) Otherwise complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Experian further requests that the Court stay Experian's time to respond to the Complaint until fourteen (14) days after Plaintiff files a legible amended complaint, and grant such other and further relief as this Court deems just and proper.

Dated: July 9, 2026

Respectfully submitted,

*/s/* Daniel A. Grossman
Daniel A. Grossman (P85932)
Adam N. Rosenberg (P88174)
Clark Hill PLC
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
Tel.: (313) 965-8300
dgrossman@clarkhill.com
arosenberg@clarkhill.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I further certify that a copy was served upon Pro Se Plaintiff by U.S. Mail at:

Angel Smith
3166 Helen
Detroit, MI 48207

/s/ Daniel A. Grossman
Daniel A. Grossman (P85932)

*Attorney for Defendant Experian Information Solutions, Inc.*