**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

**FLINT DIVISION**

| | |
|---|---|
| ANGEL SMITH,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No. 4:26-cv-11501-FKB-DRG<br><br>Hon. F. Kay Behm<br>Magistrate Judge David R. Grand<br><br>FIRST AMENDED COMPLAINT AND JURY DEMAND |

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff Angel Smith, proceeding pro se, files this First Amended Complaint against Defendant Experian Information Solutions, Inc. ("Experian") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., arising from Experian's continued reporting and verification of inaccurate consumer-account information after Plaintiff submitted written disputes identifying the specific accounts, explained that the accounts did not belong to her, supplied identifying documentation, and requested a reasonable reinvestigation.

2. Plaintiff alleges violations of 15 U.S.C. § 1681e(b), which requires a consumer reporting agency to follow reasonable procedures to assure maximum possible accuracy, and 15 U.S.C. § 1681i, which requires a reasonable reinvestigation of disputed information and deletion or correction of information found to be inaccurate, incomplete, or unverifiable.

3. The disputed accounts were also reported by other nationwide consumer reporting agencies. Two other credit bureaus deleted the same disputed accounts before and after litigation, while Experian deleted none of the disputed accounts identified in Plaintiff's written dispute.

## JURISDICTION AND VENUE

4. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under the FCRA.

5. This Court also has jurisdiction under 15 U.S.C. § 1681p.

6. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391 because Plaintiff resides in this District, Experian conducts business in this District, Plaintiff received and reviewed the challenged credit reporting in this District, and a substantial part of the events giving rise to these claims occurred in this District.

7. This action was originally filed in the 36th District Court for the City of Detroit and was removed by Experian to this Court on May 5, 2026.

## PARTIES

8. Plaintiff Angel Smith is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c). Plaintiff resides in Detroit, Michigan.

9. Defendant Experian Information Solutions, Inc. is a nationwide consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f). Experian regularly assembles and evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and conducts business in Michigan.

## FACTUAL ALLEGATIONS

10. Experian maintained and disclosed a consumer credit file concerning Plaintiff.

11. Plaintiff reviewed her Experian credit information and discovered multiple collection accounts that she alleges did not belong to her and were therefore inaccurate.

12. On August 19, 2025, Plaintiff sent Experian a written dispute letter under the FCRA. A true and correct copy of that dispute letter is attached as Exhibit A.

13. The August 19, 2025 dispute specifically identified the disputed accounts and stated that each account did not belong to Plaintiff.

14. The disputed tradelines identified in Plaintiff's written dispute were: (a) Resurgent/LVNV Funding, account ending 515942; (b) LVNV Funding, account ending 531815; (c) LVNV Funding LLC, account ending 431732; (d) LVNV

Funding LLC, account ending 005391; (e) LVNV Funding LLC, account ending 444796; and (f) Midland Credit Management, account ending 327502.

15. Plaintiff's dispute requested that Experian conduct a reasonable reinvestigation, delete or correct inaccurate, incomplete, or unverifiable information, and provide the results of its investigation.

16. Plaintiff also supplied identifying documentation with the dispute so that Experian could verify Plaintiff's identity and locate her consumer file.

17. Experian received notice of Plaintiff's dispute and had sufficient information to identify the specific accounts and the nature of the claimed inaccuracies.

18. Experian responded with an updated report but did not delete the disputed accounts identified by Plaintiff.

19. On October 7, 2025, Plaintiff sent Experian a written demand for a description of its reinvestigation procedures and method of investigation under 15 U.S.C. § 1681i(a)(6)(B)(iii). A true and correct copy is attached as Exhibit B.

20. The October 7, 2025 letter requested the steps Experian took, the parties Experian contacted, and copies or identification of documentation used to verify the disputed information.

21. Experian did not provide Plaintiff with a meaningful description demonstrating that it independently and reasonably reinvestigated whether the disputed accounts actually belonged to her.

22. Also on October 7, 2025, Plaintiff submitted a complaint to the Consumer Financial Protection Bureau ("CFPB"), complaint number 251007-24734672, concerning Experian's investigation and failure to remove inaccurate accounts. A true and correct copy of the CFPB complaint history is attached as Exhibit C.

23. The CFPB transmitted Plaintiff's complaint to Experian on October 7, 2025.

24. Experian submitted an interim response on or about October 21, 2025, stating that it was still reviewing the matter.

25. On or about December 1, 2025, Experian informed the CFPB that it could not respond through the CFPB process because there may be potential fraud involved.

26. Despite Plaintiff's written dispute, follow-up demand, supporting identifying information, and CFPB complaint, Experian deleted none of the disputed accounts identified in Plaintiff's August 19, 2025 letter.

27. Two other nationwide credit bureaus deleted the same disputed accounts before and after litigation. Those deletions further placed Experian on notice that the disputed information required a careful, independent, and reasonable reinvestigation.

28. Experian nevertheless continued to report or verify the disputed information without correcting or deleting the accounts from Plaintiff's Experian credit file.

29. Plaintiff alleges that Experian relied on superficial or automated verification rather than reasonably evaluating the documents and detailed information Plaintiff supplied.

30. Experian had the ability to contact the furnishers, compare identifying information, review account-level documentation, and evaluate whether the accounts were attributable to Plaintiff, but failed to use reasonable procedures sufficient to assure maximum possible accuracy.

31. Experian's conduct forced Plaintiff to spend time and money preparing disputes, gathering records, submitting a CFPB complaint, sending follow-up correspondence, monitoring her credit file, and pursuing this litigation.

32. As a direct and proximate result of Experian's conduct, Plaintiff suffered actual harm, including loss of time, out-of-pocket mailing and copying expenses, frustration, stress, emotional distress, and impairment of her creditworthiness and ability to use her credit information with confidence.

33. Experian's conduct was negligent and, after repeated written notice and an opportunity to correct the reporting, willful or reckless within the meaning of the FCRA.

## COUNT I

## VIOLATION OF 15 U.S.C. § 1681e(b)

**FAILURE TO FOLLOW REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY**

34. Plaintiff incorporates paragraphs 1 through 33 as though fully set forth here.

35. Experian prepared, maintained, and furnished consumer-report information concerning Plaintiff.

36. The disputed accounts were inaccurate because they did not belong to Plaintiff.

37. Experian failed to follow reasonable procedures to assure maximum possible accuracy when it continued to report or verify the disputed accounts after receiving detailed written notice that they did not belong to Plaintiff.

38. Experian's failure was a direct and proximate cause of Plaintiff's damages.

39. Experian's conduct was negligent under 15 U.S.C. § 1681o and willful or reckless under 15 U.S.C. § 1681n.

**COUNT II**

**VIOLATION OF 15 U.S.C. § 1681i**

**FAILURE TO CONDUCT A REASONABLE REINVESTIGATION**

40. Plaintiff incorporates paragraphs 1 through 39 as though fully set forth here.

41. Plaintiff directly notified Experian in writing that the identified accounts did not belong to her and provided sufficient information for Experian to conduct a reasonable reinvestigation.

42. Experian was required to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to delete or modify information that was inaccurate, incomplete, or could not be verified.

43. Experian failed to conduct a reasonable reinvestigation and failed to delete or correct the disputed accounts.

44. Experian also failed to provide a meaningful description of the procedures used to determine the accuracy and completeness of the disputed information after Plaintiff requested that information under 15 U.S.C. § 1681i(a)(6)(B)(iii).

45. Experian's failures were a direct and proximate cause of Plaintiff's damages.

46. Experian's conduct was negligent under 15 U.S.C. § 1681o and willful or reckless under 15 U.S.C. § 1681n.

## DAMAGES

47. Plaintiff seeks actual damages caused by Experian's violations, including documented out-of-pocket expenses, loss of time, frustration, emotional distress, and harm to her creditworthiness.

48. For willful noncompliance, Plaintiff seeks statutory damages as permitted by 15 U.S.C. § 1681n(a)(1), punitive damages under 15 U.S.C. § 1681n(a)(2), and costs as allowed by law.

49. For negligent noncompliance, Plaintiff seeks actual damages and costs as permitted by 15 U.S.C. § 1681o.

50. Plaintiff presently demands judgment in the amount of $15,000, or such other amount as the evidence and law support, together with all additional relief the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Experian and award:

A. Actual damages according to proof;

B. Statutory damages for willful violations as authorized by 15 U.S.C. § 1681n;

C. Punitive damages as authorized by 15 U.S.C. § 1681n;

D. Costs and any other recoverable litigation expenses allowed by law;

E. Judgment in the amount of $15,000, or such other amount supported by the evidence and applicable law;

F. An order requiring Experian to correct or delete inaccurate information to the extent such equitable relief is legally available; and

G. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

____________________________________

Angel Smith, Plaintiff Pro Se

3166 Helen

Detroit, Michigan 48207

Smithangel84@yahoo.com

313-544-0541

Dated: ____________________

**EXHIBIT INDEX**

Exhibit A - Plaintiff's August 19, 2025 written dispute letter to Experian.

Exhibit B - Plaintiff's October 7, 2025 demand for method of investigation.

Exhibit C - CFPB complaint history, complaint number 251007-24734672.

July 10, 2026

# EXHIBIT A

August 19, 2025 Written Dispute Letter

to Experian Information Solutions, Inc.

Angel Smith

3166 Helen

Detroit Michigan 48207

Smithangel84@yahoo.com

313-544-0541

08/19/2025

Experian

Registered Agent: CT Corporation System

Experian Information Solutions, Inc.

c/o CT Corporation System

330 N. Brand Blvd, Suite 700

Glendale, CA 91203

Subject: Dispute of Inaccurate Information Under the FCRA

Dear Experian,

I am writing to formally dispute inaccurate information on my credit report under my rights provided by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. Please consider this letter a dispute under 15 U.S.C. § 1681i and conduct a reasonable reinvestigation into the following inaccurate items:

Disputed Reporting:

1. Resurgent/ LVNV Funding – Account # 515942

• Error: "This account does not belong to me, yet it appears on my credit report."

• FCRA Violation: Failure to maintain accurate reporting (15 U.S.C. § 1681e(b)).

- 2. LVNV FUNDING Account#531815
- Error:This account does not belong to me, yet it appears on my credit report."]
- FCRA Violation: Failure to maintain accurate reporting (15 U.S.C. § 1681e(b)).

- 3.LVNV FUNDING LLC Account #431732
  • Error:This account does not belong to me, yet it appears on my credit report."]

FCRA Violation: Failure to maintain accurate reporting (15 U.S.C. § 1681e(b)).

4. LVNV FUNDING LLC Account#005391

Error:This account does not belong to me, yet it appears on my credit report."]

FCRA Violation: Failure to maintain accurate reporting (15 U.S.C. § 1681e(b)).

5.LVNV FUNDING LLC Account#444796

Error:This account does not belong to me, yet it appears on my credit report."]

FCRA Violation: Failure to maintain accurate reporting (15 U.S.C. § 1681e(b)).

6.MIDLAND CREDIT MANGMENT Account# 327502

Error:This account does not belong to me, yet it appears on my credit report."]

- FCRA Violation: Failure to remove fraudulent or unverifiable accounts (15 U.S.C. § 1681i(a)).

Supporting Documents

I have attached copies of my driver's license for identity purposes .

Legal Obligations Under the FCRA

Under 15 U.S.C. § 1681i, you are required to:

1. Conduct a reasonable reinvestigation of my dispute within 30 days.
2. Delete or correct any inaccurate, incomplete, or unverifiable information.
3. Provide me with a copy of the results of your investigation.

Failure to comply with these requirements constitutes willful or negligent noncompliance with the FCRA and may result in legal action.

Please send me an updated copy of my credit report reflecting these corrections. You may respond in writing at the address listed above.

# EXHIBIT B

October 7, 2025 Demand for Method of Investigation

to Experian Information Solutions, Inc.

Angel Smith
3166 Helen
Detroit Michigan 48207
Smithangel84@yahoo.com
313-544-0541
10/7/25
Experian
Registered Agent: CT Corporation System
Address:
Experian Information Solutions, Inc.
c/o CT Corporation System
330 N. Brand Blvd, Suite 700
Glendale, CA 91203

- Demand for Method of Investigation Under the FCRA

Dear Experian,

I am writing in response to your recent communication regarding my dispute of inaccurate information on my credit report. You provided me with an updated report but failed to remove the disputed inaccuracies.

Under 15 U.S.C. § 1681i(a)(6)(B)(iii) of the Fair Credit Reporting Act (FCRA), I have the right to request and receive a detailed description of the procedures used in your reinvestigation, including:

1. The steps you took to verify the accuracy of the disputed information.
2. The parties you contacted during the investigation.
3. Copies of any documentation used to verify the disputed information.

The FCRA requires that credit reporting agencies conduct a reasonable reinvestigation of disputed information. If you failed to conduct a thorough investigation, you are in violation of 15 U.S.C. § 1681i(a) and 15 U.S.C. § 1681e(b), which may result in legal action.

Please provide the required details regarding your investigation within 15 days of receiving this letter. If you fail to do so, I will escalate this matter by filing complaints with the Consumer Financial Protection Bureau (CFPB), the Federal Trade Commission (FTC), and my state attorney general's office. Additionally, I will consider pursuing legal action for noncompliance with the FCRA.

I expect a prompt response and full compliance with my request. Please send your response in writing to the address listed above.

# EXHIBIT C

CFPB Complaint History

Complaint No. 251007-24734672

An official website of the United States Government



# 251007-24734672

**CLOSED**

## Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 10/7/2025 | Credit reporting or other personal consumer reports | Problem with a company's investigation into an existing problem |

### We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

**YOUR COMPLAINT**

Credit Bureau did not accurately or fairly investigative and remove inaccurate/ incorrect accounts from credit report

**ATTACHMENTS**

correct Experian letter.docx (16.1 KB)

View full complaint

## Sent to company

**STATUS**

Sent to company on 10/7/2025

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

## Company still working

**STATUS**

Company response is in progress as of 10/21/2025

### The company has responded that it is still working on your issue

In some cases, companies need more time to respond. You should receive a final response within 60 days from the date we sent your complaint to the company.

---

**COMPANY'S INTERIM RESPONSE**

Thank you for submitting your complaint on October 07, 2025, through the CFPB Complaint Portal. We appreciate consumers who take the time to let us know about their experiences with our company. We will review your complaint and act accordingly. Once the review is completed a final response will be forwarded to you to view. For additional assistance, you may call the toll-free telephone number provided on your personal credit report obtained directly from Experian, or write to Experian at P.O. Box 9701, Allen, TX 75013. For more information regarding your credit and frequently asked questions, you may visit: http://www.experian.com/blogs/ask-experian. Please note that you may also submit your request or documents supporting your claim electronically at www.experian.com/upload. You may also visit Experian's dispute center by visiting www.experian.com/dispute. Thank you for submitting your complaint through the CFPB Complaint Portal. It is our policy to respond to consumer disputes swiftly and to take

each one seriously. We appreciate you letting us know about your experience with Experian.

## Potential fraud

**STATUS**

Company responded there may be potential fraud involved on 12/1/2025

## Alerted CFPB: Suspected Fraud

We reviewed the complaint you submitted and sent it to the company for a response. The company let us know that it cannot respond to the issues raised in this complaint through this process.

---

**What do I do?**

Contact the company directly for more information about its response. You can also visit our website to find helpful tools and resources related to consumer financial products and services: consumerfinance.gov/consumer-tools/ (https://www.consumerfinance.gov/consumer-tools).

If you think you are a victim of a fraud or scam, contact the National Consumer League's National Fraud Information Center at 800-876-7060 or visit www.fraud.org (http://www.fraud.org). If the scam was Internet-based, visit the Internet Crime Complaint Center at www.IC3.gov (https://www.IC3.gov) to find information about and report Internet-based scams.

You can also visit these government agencies' websites to get information on fraud, safety, and identity theft:

- USA.gov (https://www.usa.gov/scams-and-fraud/)
- FBI.gov (https://www.fbi.gov/how-we-can-help-you/scams-and-safety)
- FTC.gov (https://www.ftc.gov)

**Privacy Act Statement**

**OMB #3170-0011**

**Note on user experience**

> Have a question?
>
> (855) 411-2372
>
> TTY/TTD: (855) 729-2372
>
> 9 a.m. to 6 p.m. ET, Monday through Friday
> (except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

---

An official website of the United States Government

# CERTIFICATE OF SERVICE

I, Angel Smith, certify that on **July 10, 2026**, I filed the foregoing First Amended Complaint and Jury Demand through the United States District Court for the Eastern District of Michigan Pro Se Electronic Filing Portal. I further certify that on the same date I served a true and correct copy by electronic mail upon counsel for Defendant Experian Information Solutions, Inc.: Daniel A. Grossman (P85932) and Adam N. Rosenberg (P88174), Clark Hill PLC, dgrossman@clarkhill.com and arosenberg@clarkhill.com.

____________________________

Angel Smith, Plaintiff Pro Se
Dated: July 10, 2026