**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| ANGEL SMITH,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No. 4:26-cv-11501-FKB-DRG<br><br>Hon. F. Kay Behm<br><br>Magistrate Judge David R. Grand |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses to Plaintiff Angel Smith's First Amended Complaint and Jury Demand (ECF No. 16) ("First Amended Complaint"). Except as expressly admitted herein, Experian denies each and every allegation in the First Amended Complaint and demands strict proof thereof.

## ANSWER

## NATURE OF THE ACTION[1]

1. Experian admits that Plaintiff purports to bring claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. Experian denies that it has violated the FCRA or that Plaintiff is entitled to any relief. Except as expressly admitted, denied.

2. Paragraph 2 states legal conclusions to which no response is required. To the extent a response is required, Experian denies each and every allegation in paragraph 2 of the First Amended Complaint.

3. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding other consumer reporting agencies and on that basis denies them. To the extent this paragraph alleges that Experian failed to act properly, Experian denies such allegations.

## JURISDICTION AND VENUE

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Experian admits that Plaintiff alleges jurisdiction under 28 U.S.C. § 1331.

[1] Experian adopts the headings from the First Amended Complaint for organizational purposes only and expressly denies any allegations to the extent they are not included in a numbered paragraph.

5. Paragraph 5 states legal conclusions to which no response is required. To the extent a response is required, Experian admits that Plaintiff alleges jurisdiction under 15 U.S.C. § 1681p.

6. Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, Experian admits that Plaintiff alleges venue is proper under 28 U.S.C. § 1391.

7. Experian admits that this action was originally filed in the 36th District Court for the City of Detroit and was removed to this Court. Experian denies any remaining allegations in this paragraph.

## PARTIES

8. Experian is without knowledge or information sufficient to form a belief as to whether Plaintiff is a natural person or as to Plaintiff's place of residence, and on that basis denies those allegations. The remainder of paragraph 8 states legal conclusions to which no response is required.

9. Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Experian denies all remaining allegations in this paragraph.

## FACTUAL ALLEGATIONS

10. Experian admits that it maintained a consumer credit file concerning Plaintiff. Experian denies any remaining allegations in this paragraph.

11. Experian is without knowledge or information sufficient to form a belief as to what Plaintiff reviewed or discovered, and on that basis denies the allegations in paragraph 11. To the extent Plaintiff alleges that any information reported by Experian was inaccurate, Experian denies those allegations.

12. The referenced documents speak for themselves, and Experian denies any characterization inconsistent therewith. To the extent a response is required, Experian denies any remaining allegations in this paragraph.

13. The referenced documents speak for themselves, and Experian denies any characterization inconsistent therewith. To the extent a response is required, Experian denies any remaining allegations in this paragraph.

14. The referenced documents speak for themselves, and Experian denies any characterization inconsistent therewith. To the extent a response is required, Experian denies any remaining allegations in this paragraph.

15. The referenced documents speak for themselves, and Experian denies any characterization inconsistent therewith. To the extent a response is required, Experian denies any remaining allegations in this paragraph.

16. The referenced documents speak for themselves, and Experian denies any characterization inconsistent therewith. To the extent a response is required, Experian denies any remaining allegations in this paragraph.

17. The referenced documents speak for themselves, and Experian denies any characterization inconsistent therewith. To the extent a response is required, Experian denies any remaining allegations in this paragraph.

18. The referenced documents speak for themselves, and Experian denies any characterization inconsistent therewith. To the extent a response is required, Experian denies any remaining allegations in this paragraph.

19. The referenced documents speak for themselves, and Experian denies any characterization inconsistent therewith. To the extent a response is required, Experian denies any remaining allegations in this paragraph.

20. The referenced documents speak for themselves, and Experian denies any characterization inconsistent therewith. To the extent a response is required, Experian denies any remaining allegations in this paragraph.

21. Denied.

22. The referenced documents speak for themselves, and Experian denies any characterization inconsistent therewith. To the extent a response is required, Experian denies any remaining allegations in this paragraph.

23. The referenced documents speak for themselves, and Experian denies any characterization inconsistent therewith. To the extent a response is required, Experian denies any remaining allegations in this paragraph.

24. The referenced documents speak for themselves, and Experian denies any characterization inconsistent therewith. To the extent a response is required, Experian denies any remaining allegations in this paragraph.

25. Experian denies Plaintiff's characterization of its communications. The referenced documents speak for themselves, and Experian denies any characterization inconsistent therewith. To the extent a response is required, Experian denies any remaining allegations in this paragraph.

26. The referenced documents speak for themselves, and Experian denies any characterization inconsistent therewith. To the extent a response is required, Experian denies any remaining allegations in this paragraph.

27. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding other credit bureaus and on that basis denies them. To the extent this paragraph alleges that Experian failed to act properly or was placed on notice, Experian denies such allegations. To the extent a response is required, Experian denies any remaining allegations in this paragraph.

28. Denied.

29. Denied.

30. Denied.

31. Experian is without knowledge or information sufficient to form a belief as to Plaintiff's claimed expenditure of time and money and on that basis

denies the allegations in paragraph 31. To the extent this paragraph alleges that Experian failed to act properly or caused harm to Plaintiff, Experian denies such allegations. To the extent a response is required, Experian denies any remaining allegations in this paragraph.

32. Experian is without knowledge or information sufficient to form a belief as to Plaintiff's claimed damages and on that basis denies the allegations in paragraph 32. To the extent this paragraph alleges that Experian's conduct was the direct and proximate cause of any harm, Experian denies such allegations. To the extent a response is required, Experian denies any remaining allegations in this paragraph.

33. Denied.

**COUNT I — VIOLATION OF 15 U.S.C. § 1681e(b)**
**(Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy)**

34. Experian incorporates its responses to paragraphs 1 through 33 as if fully set forth herein.

35. Experian admits that it prepared, maintained, and furnished consumer-report information concerning Plaintiff. Experian denies all remaining allegations in this paragraph.

36. Denied.

37. Denied.

38. Denied.

39. Paragraph 39 states legal conclusions to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

**COUNT II — VIOLATION OF 15 U.S.C. § 1681i**
**(Failure to Conduct a Reasonable Reinvestigation)**

40. Experian incorporates its responses to paragraphs 1 through 39 as if fully set forth herein.

41. The referenced documents speak for themselves, and Experian denies any characterization inconsistent therewith. To the extent a response is required, Experian denies any remaining allegations in this paragraph.

42. Paragraph 42 states legal conclusions to which no response is required. To the extent a response is required, Experian denies that it failed to comply with any obligation under 15 U.S.C. § 1681i. Experian denies any remaining allegations in this paragraph.

43. Paragraph 43 states legal conclusions to which no response is required. To the extent a response is required, Experian denies that it failed to comply with any obligation under 15 U.S.C. § 1681i or any other provision of the FCRA. Experian denies any remaining allegations in this paragraph.

44. Paragraph 44 states legal conclusions to which no response is required. To the extent a response is required, Experian denies that it failed to comply with

any obligation under 15 U.S.C. § 1681i or any other provision of the FCRA. Experian denies any remaining allegations in this paragraph.

45. Denied.

46. Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein. Experian further denies that it violated 15 U.S.C. § 1681i or any other provision of the FCRA.

## DAMAGES

47. Experian is without knowledge or information sufficient to form a belief as to Plaintiff's claimed damages and on that basis denies the allegations in paragraph 47. To the extent this paragraph alleges that Experian's conduct caused any harm, Experian denies such allegations.

48. Paragraph 48 states legal conclusions to which no response is required. To the extent a response is required, denied.

49. Paragraph 49 states legal conclusions to which no response is required. To the extent a response is required, denied.

50. Denied. Experian denies that Plaintiff is entitled to judgment in any amount.

## RESPONSE TO PRAYER FOR RELIEF

Experian denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief, including actual damages, statutory damages, punitive damages, costs, injunctive or equitable relief, or any other relief.

## RESPONSE TO DEMAND FOR JURY TRIAL

Experian acknowledges that Plaintiff has demanded a trial by jury. Experian does not contest Plaintiff's right to a jury trial on claims so triable.

## GENERAL DENIAL

Experian denies each and every allegation in the First Amended Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of persuasion as to any of them, and without waiving any of the foregoing denials or defenses, Experian asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim/Standing)

Plaintiff's First Amended Complaint, and each purported cause of action therein, fails to state a claim upon which relief can be granted against Experian. Plaintiff has failed to allege a concrete injury in fact sufficient for Article III standing. Under *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), and *TransUnion LLC*

*v. Ramirez*, 594 U.S. 413 (2021), a bare procedural violation of the FCRA, divorced from any concrete harm, cannot satisfy Article III's injury-in-fact requirement.

**SECOND AFFIRMATIVE DEFENSE**
**(Accuracy of Reported Information)**

At all relevant times, the information Experian communicated about Plaintiff was accurate, complete, and not misleading. Experian is not liable under the FCRA for reporting information that is accurate.

**THIRD AFFIRMATIVE DEFENSE**
**(Reasonable Procedures)**

Experian maintained and followed reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff, as required by 15 U.S.C. § 1681e(b), and conducted reasonable reinvestigations of disputed information, as required by 15 U.S.C. § 1681i.

**FOURTH AFFIRMATIVE DEFENSE**
**(No Willful or Negligent Noncompliance)**

Experian did not willfully or negligently fail to comply with any requirement of the FCRA. Any statutory or punitive damages sought by Plaintiff are therefore unwarranted.

**FIFTH AFFIRMATIVE DEFENSE**
**(Qualified Immunity — 15 U.S.C. § 1681h(e))**

Plaintiff's claims are barred, in whole or in part, by the qualified immunity afforded to consumer reporting agencies under 15 U.S.C. § 1681h(e), because Experian’s actions were not the result of malice or willful intent to injure Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff failed to exercise reasonable diligence to mitigate her alleged damages, and any recovery to which Plaintiff may be entitled should be reduced accordingly.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Contributory/Comparative Fault)**

Any damages allegedly sustained by Plaintiff were caused, in whole or in part, by Plaintiff’s own acts, omissions, or fault, and/or by the acts, omissions, or fault of third parties for whom Experian is not responsible.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Independent Intervening Cause)**

Any alleged credit harm suffered by Plaintiff was caused by accurate negative information reported from other sources—including but not limited to other collection tradelines and accounts appearing on Plaintiff’s consumer file—and not by any act or omission of Experian.

**NINTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**TENTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to 15 U.S.C. § 1681p.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Laches)**

The Complaint and each claim for relief therein are barred, in whole or in part, by laches.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Arbitration)**

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights)**

Experian reserves the right to assert additional affirmative defenses as they become known or available through the course of discovery or other proceedings in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. respectfully requests that this Court enter judgment in its favor and against Plaintiff, and:

a. That Plaintiff take nothing by reason of her First Amended Complaint;

b. That the First Amended Complaint be dismissed in its entirety with prejudice;

c. That Experian be awarded its costs of suit, including reasonable attorneys' fees to the extent permitted by law; and

d. That the Court grant such other and further relief as it deems just and proper.

Dated: August 10, 2026

Respectfully submitted,

/s/ Daniel A. Grossman
Daniel A. Grossman (P85932)
Adam N. Rosenberg (P88174)
CLARK HILL PLC
500 Woodward Ave, Suite 3500
Detroit, MI 48226
(313) 965-8300
dgrossman@clarkhill.com
arosenberg@clarkhill.com

Matthew T. Murphy
VENABLE LLP
151 W. 42nd Street, 49th Floor
New York, NY 10036
(212) 370-6236
MTMurphy@Venable.com

*Attorneys for Defendant Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I further certify that a copy was served upon Pro Se Plaintiff by U.S. Mail at:

Angel Smith
3166 Helen St
Detroit, MI 48207

/s/ Daniel A. Grossman
Daniel A. Grossman (P85932)

*Attorney for Defendant Experian Information Solutions, Inc.*